CASE 31—PETITION—SEPTEMBER 21.

# G. A. & J. Culbertson v. Holden, &c.

### APPEAL FROM KENTON CIRCUIT COURT.

A DEFENDANT IS A COMPETENT WITNESS FOR HIS TWO CO-DEFENDANTS to prove that they are not his partners, and are not liable with him for the debt sued on.

A, B, and C were jointly sued as partners, and filed separate answers. B and C, for defense, denied any partnership or joint indebtedness with A to the plaintiff. A, admitting his own liability, was a competent witness for B and C; not being united with them in any issue material to himself, his interest in the result of the suit was rather against them.

R. D. HANDY, . . . . . . . . . . . For Appellants,

### CITED

1 Metcalfe, 575, Smith's adm'x v. Northern Bank of Kentucky.
2 Metcalfe, 518, Chenoweth v. Fielding.
14 Monroe, 321, Allen's executors v. Shelby.
Civil Code, section 670, subdivision 6.

WHITAKER & BRYAN, . . . . . . . For Appellees,

CITED

1 Johnson, 161.                    Peake's Evidence, 112.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

The only question to be determined on this appeal is whether Samuel W. Johnson was a competent witness for his co-defendants, Holden and Rennick. He and they were jointly sued as partners by the appellants for the recovery of a claim upon account of $211.79. The defendants answered separately; Johnson substantially admitting the justness of the claim as to him, but denying that Holden and Rennick were jointly indebted with him as partners or otherwise; and they rested their defense on the alleged ground that they were not the partners of Johnson, nor jointly indebted to the plaintiffs with him. The court permitted Holden and Rennick to read as evidence on the trial the deposition of Johnson, which was excepted to by the plaintiffs, and they now seek a reversal of the judgment dismissing the action as to Holden and Rennick, for the assigned reason that Johnson was a party united with his co-defendants in the issue presented by them, and directly interested therein, and was therefore an incompetent witness for them, according to the provisions of section 670 of the Civil Code of Practice.

Although the answer of Johnson corroborated those of the appellees in the statement that they were not his partners, that allegation constituted no defense for Johnson, and therefore presented no issue so far as he was concerned; and notwithstanding his gratuitous statement in behalf of his co-defendants he was not, in our opinion, united with them in any issue material to him, and was not therefore for that reason an incompetent witness for them; nor do we think he was disqualified as a witness by any interest he had in the result of the suit. Admitting the debt as just against himself, he was rather

interested in devolving the plaintiffs' recovery on his co-defendants also than in effecting their exoneration.

Wherefore, no error being perceived in the action of the court, the judgment is affirmed.